UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANEQUA MONIQUE BRAYBOY and MICKEY FRED, as CO-ADMINISTRATORS OF THE ESTATE OF C.D.F., TRANEQUA MONIQUE BRAYBOY, individually, and MICKEY FRED, individually<br><br>Plaintiffs,<br><br>v.<br><br>FISHER-PRICE, INC., MATTEL, INC., WAL-MART, INC., WAL-MART ASSOCIATES, INC., WAL-MART TRANSPORTATION, LLC., WAL-MART STORES EAST, LIMITED PARTNERSHIP, WAL-MART CO. USA, LLC, WAL-MART REALTY CO., WAL-MART TRS, LLC, and RACHEL FORD.<br><br>Defendants. | Case No.: 3:21-cv-384<br><br><br><br>JURY DEMANDED<br><br><br><br>March 19, 2021 |

## **DEFENDANTS' NOTICE OF REMOVAL**

Defendants Fisher-Price, Inc., Mattel, Inc., Walmart Inc., Walmart Associates, Inc., Walmart Transportation, LLC, Walmart Stores East, Limited Partnership, Walmart.Com USA, LLC (erroneously named "Wal-Mart Co. USA LLC"), Walmart Realty Co., Walmart TRS, LLC, Walmart Stores East, Inc. and Rachel Ford (collectively "Defendants"), by and through their undersigned attorneys, file this Notice of Removal and remove this case from the Superior Court Judicial District of Fairfield at Bridgeport, Connecticut to the United States District Court for the District of Connecticut, under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

1. On or about February 11, 2021, Plaintiffs Tanequa Monique Brayboy and Mickey Fred, Co-Administrators of the Estate of C.D.F., Tanequa Monique Brayboy, individually, and

Mickey Fred, individually (collectively "Plaintiffs"), filed a Complaint in the Superior Court Judicial District of Fairfield at Bridgeport, Connecticut, naming Defendants Fisher-Price, Inc., Mattel, Inc., Walmart Inc., Walmart Associates, Inc., Walmart Transportation, LLC, Walmart Stores East, Limited Partnership, Walmart.Com USA, LLC (erroneously named "Wal-Mart Co. USA LLC"), Walmart Realty Co., Walmart TRS, LLC, and Rachel Ford, docket number FBT-CV21-6104421.  A complete copy of all state court filings, including Plaintiffs' Complaint, are attached as **Exhibit A**.

2. On February 17, 2021, Plaintiffs served their Complaint on Walmart Inc. via its registered agent CT Corporation. (Walmart Inc. Service of Process, **Exhibit B**).

3. On February 17, 2021, Plaintiffs served their Complaint on Defendant Walmart Associates, Inc. via its registered agent CT Corporation. (Walmart Associates, Inc. Service of Process, **Exhibit C**).

4. On February 17, 2021, Plaintiffs served their Complaint on Defendant Walmart Transportation, LLC via its registered agent CT Corporation. (Walmart Transportation, LLC Service of Process, **Exhibit D**).

5. On February 17, 2021, Plaintiffs served their Complaint on Defendant Walmart Stores East, Limited Partnership via its registered agent CT Corporation. (Walmart Stores East, Limited Partnership Service of Process, **Exhibit E**).

6. On February 17, 2021, Plaintiffs served their Complaint on Defendant Walmart.Com USA, LLC (erroneously named "Wal-Mart Co. USA LLC") via its registered agent CT Corporation. (Walmart.Com USA, LLC Service of Process, **Exhibit F**).

7. On February 17, 2021, Plaintiffs served their Complaint on Defendant Walmart TRS, LLC via its registered agent CT Corporation. (Walmart TRS, LLC Service of Process, **Exhibit G**).

8. On February 17, 2021, Plaintiffs served their Complaint on unnamed Defendant Walmart Stores East, Inc. via its registered agent CT Corporation. (Walmart Stores East, Inc. Service of Process, **Exhibit H**).

9. On or around February 17, 2021, Plaintiff mailed via certified mail Service of Process to Fisher-Price. (Fisher-Price Service of Process, **Exhibit I**).

10. On or around February 17, 2021, Plaintiff mailed via certified mail Service of Process to Defendant Mattel, Inc. (Mattel Service of Process, **Exhibit J**).

11. Plaintiffs attempted service on Rachel Ford at the Walmart store location in Shelton, Connecticut where Ms. Ford was formerly the Store Manager. However, when service was attempted, Ms. Ford no longer worked there or lived in Connecticut. As of the date of the filing of Plaintiffs' lawsuit and this removal, Defendant Rachel Ford was and is a citizen of Illinois. She has not been properly served in Illinois with Plaintiffs' Complaint.[1]

12. On February 11, 2021, Plaintiffs filed the underlying Complaint in the Superior Court Judicial District of Fairfield at Bridgeport, Connecticut and reference Walmart Realty Co. in the complaint caption, but Walmart Realty Co. is not listed in the summons and plaintiffs have not effectuated proper service on this entity as of the date of this Notice of Removal.[2]

---

[1] By including Defendant Rachel Ford in this Notice of Removal, Ms. Ford does not waive, and expressly reserves, any all defenses, including improper service.
[2] By including Defendant Walmart Realty Co. in this Notice of Removal, Walmart Realty Co. does not waive, and expressly reserves, any all defenses, including improper service.

13. Upon information and belief, no other process, proceedings, or orders have been filed or issued in the case or served on Defendants. Defendants specifically reserve all rights to assert any defenses and/or objections to which they may be entitled, including but not limited to improper service.

14. Under 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action.

15. This Court has original subject matter jurisdiction over this case because the parties have complete diversity and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C.§ 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . [c]itizens of different States"). This case can therefore be removed to the United States District Court for the District of Connecticut.

### I.     DIVERSITY OF PARTIES[3]

16. Under 28 U.S.C. §1332(c)(2), when Plaintiffs are acting as the personal representative of a decedent, the decedent's citizenship at the time of his or her death controls diversity jurisdiction. Decedent C.D.F. was domiciled at the time of her death at 72 Sherman Park Circle, Bridgeport, Connecticut 06608. Thus, Plaintiffs are now and were at the time they filed this action, and at all times pertinent hereto, citizens and residents of the State of Connecticut. (*See* State of Connecticut Court of Probate, Bridgeport Probate Court, Decree Granting Administration or Probate of Will, Estate of C.D.F., **Exhibit K** (p. 1, "decedent … domiciled at the time of death at 72 Sherman Park Circle, Bridgeport, CT 06608").

---

[3] Plaintiffs failed to allege the citizenship of any of the Defendants named in their Complaint. Defendants therefore set forth their pertinent citizenship information below. Should the Court require any addition information, Defendants will provide that information upon request.

17. Plaintiff Tanequa Brayboy, individually, is now and was at all times pertinent hereto, a citizen and resident of the State of Connecticut as evidenced by her home address listed on Plaintiffs' Summons in this lawsuit. That address, 72 Sherman Park Circle, Bridgeport, Connecticut, is identical to the address listed on the June 7, 2019 Decree Granting Administration or Probate of Will, meaning Ms. Brayboy has continuously resided in Connecticut since June 7, 2019, presently resides in Connecticut today, and is therefore a citizen of Connecticut. (*See* Summons, **Exhibit A**; *see also* State of Connecticut Court of Probate, Bridgeport Probate Court, Decree Granting Administration or Probate of Will, Estate of C.D.F., **Exhibit K).**

18. Plaintiff Mickey Fred, individually, is now and was at all times pertinent hereto, a citizen and resident of the State of Connecticut as evidenced by his home address listed on Plaintiffs' Summons in this lawsuit. That address, 72 Sherman Park Circle, Bridgeport, Connecticut, is identical to the address listed on the June 7, 2019 Decree Granting Administration or Probate of Will, meaning Mr. Fred has continuously resided in Connecticut since June 7, 2019, presently resides in Connecticut, and is therefore a citizen of Connecticut. (*See* Summons, **Exhibit A**; *see also* State of Connecticut Court of Probate, Bridgeport Probate Court, Decree Granting Administration or Probate of Will, Estate of C.D.F., **Exhibit K).**

19. Defendant Fisher-Price, Inc. states that it is now and was at the time Plaintiffs filed this action a corporation organized and incorporated under the laws of Delaware with its principal place of business located in New York. Under 28 U.S.C. § 1332(c)(1), Fisher-Price is therefore deemed to be a citizen of Delaware and New York and not a citizen of Connecticut.

20. Defendant Mattel, Inc. states that it is now and was at the time Plaintiffs filed this action, a corporation organized and incorporated under the laws of Delaware with its principal

place of business located in California. Under 28 U.S.C. § 1332(c)(1), Mattel is therefore deemed to be a citizen of Delaware and California and not a citizen of Connecticut.

21.     Defendant Walmart Inc. states that it is now and was at the time Plaintiffs filed this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart Inc. is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

22.     Defendant Walmart Associates, Inc. states that it is now and was at the time Plaintiffs filed this action, a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas.  Under 28 U.S.C. § 1332(c)(1), Walmart Associates, Inc. is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

23.     Defendant Walmart Transportation, LLC states that it is now and was at the time Plaintiffs filed this action, a Delaware limited liability company, and an indirectly, wholly-owned subsidiary of Walmart Inc, meaning Walmart Inc. is a member. The other member and direct parent of Walmart Transportation, LLC is Walmart Stores East, LP, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of both WSE Management, LLC and WSE Investment, LLC is Walmart Stores East, LLC, whose sole member is Walmart Inc. As noted above in Paragraph 21, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart Transportation, LLC is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

24.     Defendant Walmart Stores East, Limited Partnership states that it is now and was at the time Plaintiffs filed this action, a Delaware limited partnership with its principal place of

business in Bentonville, Arkansas.  The sole limited partner of Walmart Stores East, L.P. is WSE Investment, LLC.  The sole general partner of Walmart Stores East, L.P. is WSE Management, LLC.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Walmart Stores East, LLC, whose sole member is Walmart Inc. As noted above in Paragraph 21, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas.  Under 28 U.S.C. § 1332(c)(1) Walmart Stores East, Limited Partnership is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

25.   Defendant Walmart.Com USA, LLC (erroneously named "Wal-Mart Co. USA, LLC") states that it is now and was at the time Plaintiffs filed this action a California limited liability company, of which Walmart Stores East, LP is the sole member. Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Walmart Stores East, LLC, whose sole member is Walmart Inc.  As noted above in Paragraph 21, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas.  Under 28 U.S.C. § 1332(c)(1), Walmart.Com USA, LLC is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

26.   Defendant Walmart Realty Co. states that it is now and was at the time Plaintiffs filed this action, a corporation organized and incorporated under the laws of Arkansas with its principal place of business in Los Angeles, California. Under 28 U.S.C. § 1332(c)(1), Walmart Realty Co.is therefore deemed to be a citizen of California and Arkansas and not a citizen of Connecticut.

27. Defendant Walmart TRS, LLC states that it is now and was at the time Plaintiffs filed this action an indirectly, wholly owned subsidiary of Walmart Inc., meaning Walmart Inc. is a member. As noted above in Paragraph 21, Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Bentonville, Arkansas. The direct parent and other member of Walmart TRS, LLC is Walmart Real Estate Business Trust. Walmart Real Estate Business Trust is a non-governmental corporate entity, specifically a Delaware Trust with its principal place of business in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart TRS, LLC is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

28. Defendant Walmart Stores East, Inc. states that it is now and was at the time Plaintiffs filed this action a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas. Under 28 U.S.C. § 1332(c)(1), Walmart Stores East, Inc. is therefore deemed to be a citizen of Delaware and Arkansas and not a citizen of Connecticut.

29. Defendant Rachel Ford states that she is now and was at the time Plaintiffs filed this action a citizen of Illinois. (Rachel Ford Declaration, **Exhibit L**) Under 28 U.S.C. § 1332(c)(1), Rachel Ford is therefore a citizen of Illinois and not Connecticut. *See Universal Licensing Corp. v. Lungo,* 293 F.3d 579, 581 (2d Cir. 2002) (finding where removal is based on diversity of citizenship, the parties must be diverse both at the time of removal and at the time the state court complaint was filed); *see also United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 301 (2d. Cir. 1994) (noting the "where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal") (citing Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311–12 (1990)); *Albstein v. Six Flags*

*Entm't Corp.*, No. 10 Civ. 5840(RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the time of removal and at the time the state court complaint was filed.") (citing *Vasura v. ACANDS,* 84 F.Supp.2d 531(S.D.N.Y. 2000)).

30. Based on the above, Plaintiffs and Defendants are thus "citizens of different States" for purposes of subject matter jurisdiction as Plaintiffs are citizens of Connecticut and no Defendant is a citizen of Connecticut. 28 U.S.C. § 1332(a)(1).

## II.     AMOUNT IN CONTROVERSY

31. Under 28 U.S.C. § 1446(c)(2)(B), removal based on diversity of citizenship is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs.

32. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook America, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994) (citing *Moore v. Betit,* 511 F.2d 1004, 1006 (2d Cir. 1975)). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assur. Soc.,* 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d Cir. 1999)).

33. Plaintiffs' Complaint, on its face, exceeds the requisite $75,000.00 threshold to remove this case to federal court. Plaintiffs' allege C.F.D.'s fatality was caused by a product sold

9

by Defendant Fisher-Price.[4] (Pls.' Compl., ¶¶ 14-19). As a result, Plaintiffs seek monetary and compensatory damages for C.F.D.'s loss of life; hospital and emergent care; loss of future earning capacity due to death; loss of consortium, including loss of affection, companionship, and society; punitive damages for recklessness under C.G.S.A. § 52-240b; and attorney's fees under C.G.S.A. § 52-240a. (Pls.' Compl. ¶¶20-22, 36-39, and at p. 101).

34.     Even where a Complaint does not specify a precise dollar amount in excess of $75,000.00, courts in this circuit have routinely find that complaints with claims alleging permanent injury or death, loss of consortium, punitive damages, and attorney's fees (or some combination thereof), satisfy the jurisdictional limit. *See, e.g.*, *Viens v. Wal–Mart Stores, Inc.*, No. 96–CV–2602, 1997 WL 114763, at *2–3 (D.Conn. Mar. 4, 1997) (finding reasonable probability that amount in controversy requirement was satisfied when plaintiff's complaint alleged severe injuries and lost wages); *Zido v. Werner Enters., Inc.*, 498 F.Supp.2d 512, 513–514 (N.D.N.Y.2006) (finding that "[a]lthough [p]laintiffs do not specify a precise dollar amount sought," a fair reading of the complaint showed that plaintiffs' claims for damages exceeded $75,000 when plaintiffs claimed, among other things, serious injuries, medical expenses and loss of consortium); *James v. Gardner*, 2004 WL 2624004 at *4 (E.D.N.Y. 2004) (noting that although the complaint merely stated that the $25,000 jurisdictional requirement for New York state court was met, defendant showed reasonable probability that damages exceeded $75,000 when complaint alleged "severe and permanent personal injuries").

---

[4] Defendants deny any and all liability and dispute that Plaintiffs' claims have merit, and therefore, dispute that Plaintiffs will be able to recover any damages at all. However, for the purposes of determining the amount-in-controversy, the merits of Plaintiffs' claims are not taken into account. Rather, the determination of the amount-in-controversy depends upon Plaintiffs' allegations, the types of damages sought, and a possible amount that could be awarded if Plaintiffs are successful in the lawsuit. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 85-86 (2014).

35. Based on the nature of the claims asserted and the relief sought by Plaintiffs (including punitive damages and attorney's fees), and consistent with the above case law in this circuit, Defendants have shown by a preponderance of the evidence that the amount in controversy as pleaded in the Complaint exceeds the $75,000 jurisdictional threshold.

### III.     PROCEDURAL REQUIREMENTS FOR REMOVAL

36. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of Defendants' receipt, by service of process or otherwise, of the initial pleading. By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses they may have with respect to Plaintiffs' Complaint.

37 Promptly after filing this Notice of Removal, Defendants will serve Plaintiffs and file a copy of this Notice of Removal with the Superior Court Judicial District of Fairfield at Bridgeport, Connecticut, to effect removal of this action to the United States District Court for the District of Connecticut, under 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached as **Exhibit M**.

WHEREFORE, Defendants hereby remove the above-captioned matter, now pending in the Superior Court Judicial District of Fairfield County at Bridgeport, Connecticut to the United States District Court for the District of Connecticut.

Dated: March 19, 2021

> */s/ James O. Craven*
> James O. Craven (ct18790)
> **WIGGIN &DANA LLP**
> One Century Tower
> 265 Church Street
> P.O. Box 1832
> New Haven, CT 06508-1832
> T: 203-498-4361
> F: 203-782-2889
> jcraven@wiggin.com

/s/ *Brandon Cox*
Lori G. Cohen (*pro hac vice forthcoming*)
Brandon D. Cox (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
The Terminus
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
T: 678-553-2100
F: 678-553-2212
cohenl@gtlaw.com
coxb@gtlaw.com

Mary Olga Lovett (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street
Suite 1700
Houston, TX 77002
T: 713-374-3500
F: 713-374-3505
lovettm@gtlaw.com

*Attorneys for Defendants Fisher-Price, Inc. and Mattel, Inc. Walmart, Inc., Walmart Associates, Inc., Walmart Transportation, LLC, Walmart Stores East, Limited Partnership, Walmart. Com. USA, LLC, Walmart Realty Co., Walmart TRS, LLC, and Rachel Ford*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 19, 2021, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System and served the foregoing by electronic mail to the following:

JOSEPH R. ROSSETTI, ESQ.
Juris No.: 408519
MOORE, OBRIEN, & FOTI
891 Straits Turnpike
Middlebury, CT 06762
Telephone: (203) 272-5881

*Attorney for Plaintiffs*

                                           */s/ James O. Craven*
                                           James O. Craven